ROBERT W. THOMPSON, Esq. (Cal. SBN 106411)
Attorney has complied with LR IA 10-2
KATHLEEN M. HARTMAN, Esq. (Cal. SBN 219934)
Attorney has complied with LR IA 10-2
**CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP**
2601 Main Street, Suite 800
Irvine, California 92614
Tel  :  (949) 261-2872
Fax  :  (949) 261-6060
Email :  rthompson@ctsclaw.com
          khartman@ctsclaw.com

JUDE NAZARETH, Esq.
**MONTEZ NAZARETH LAW**
5510 South Fort Apache Road, Suite 2
Las Vegas, NV 89148
Tel  :  (702) 948-7474
Fax  :  (702) 549-2736
Email :  jedward@mnlawonline.com

Attorneys for Plaintiff, **CHAD CHOLETTE, individually and on behalf of others similarly situated**

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA – LAS VEGAS

| | |
|---|---|
| CHAD CHOLETTE, individually and on behalf of others similarly situated<br><br>             Plaintiff,<br><br>         vs.<br><br>INSTALLPRO, INC. a Utah corporation, d.b.a. IPRO, INC. in Nevada<br><br>             Defendants. | Case No.:<br><br>**COLLECTIVE CLASS ACTION PURSUANT TO 29 U.S.C. §216(b)**<br><br>**COMPLAINT**<br><br>1. **Failure to pay Overtime Wages in Violation of the FLSA**<br>2. **Failure to pay Minimum Wages in Violation of the FLSA**<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -

COMPLAINT

**Plaintiff hereby alleges:**

## NATURE OF THE ACTION

1. This is a collective action and a class action brought by CHAD CHOLETTE (hereinafter "Plaintiff"), individually and on behalf of all similarly situated employees of InstallPro, Inc., which Plaintiff is informed and believes is registered in Nevada as IPRO Inc., ("hereinafter "Defendant") whose job duties include work as Satellite Technicians.

2. Plaintiff seeks to recover wages, liquidated damages, interest, penalties, costs of suit, and attorneys' fees resulting from Defendant's failure to pay wages, including overtime wages.

## JURISDICTION

3. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 in that this is an action arising under the Fair Labor Standards Act (FLSA) and Defendant is an entity having sufficient minimum contacts with the state of Nevada so as to render the exercise of jurisdiction over the Defendant by this Court consistent with traditional notions of fair play and substantial justice.

## VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. Section 1339(b) since the claims arise in the District of Nevada – Las Vegas and Defendant operates its business in Nevada.

## PLAINTIFFS

5. Plaintiff is, and at all times pertinent herein was, a resident of Nevada.

6. Plaintiff Cholette began work for Defendant in the Las Vegas and surrounding areas on or about August 11, 2008, and continued working for Defendant into 2010.

## DEFENDANT

7. Plaintiff is informed and believe that Defendant is incorporated in Utah as InstallPro Inc. but is licensed to do business in Nevada under the name IPRO Inc. under Nevada business license NV20061371919.

8. Plaintiff is informed and believes that Defendant employs persons to work on and

COMPLAINT

install satellite equipment in the states of Nevada, Utah, and Washington. Plaintiff is informed and believes that most, if not all, of the installations are for Dish Network.

9. Defendant's founders, owners and executive officers directed, authorized, ratified and/or participated in the conduct that gives rise to the claims asserted herein and derived personal financial benefit from such conduct.

## FACTUAL ALLEGATIONS

10. Plaintiff was employed by Defendant as Satellite Technician. Defendant deducted payroll taxes from Plaintiff's paychecks for federal tax, Medicare, and social security. Plaintiff received W-2 forms from Defendant.

11. Plaintiff's job duties included installing satellite equipment for new activation of satellite systems, moving satellite equipment, installing equipment to upgrade satellite systems, making service calls, and troubleshooting problems with satellite systems.

12. Plaintiff was paid on a piece rate system for work performed. Plaintiff is aware that Defendant paid other Satellite Technicians on a piece rate basis.

13. Plaintiff was required to arrive at Defendant's office in Las Vegas at approximately 7:00 a.m. to receive his assignments for the day. Plaintiff was not paid for the time spent at Defendant's office. Plaintiff is aware that other Satellite Technicians were also required to report to work to receive assignments but were not paid for this time.

14. Plaintiff was required to drive his own vehicle to job assignments. He was not paid for his time driving to the various assignments, for the use of his vehicle, or for gas costs. Plaintiff is aware of other similarly situated persons employed by Defendant who also did not receive pay for their time driving to various assignments, for the use of their vehicle, or for gas costs.

15. Plaintiff was required to call Defendant on his personnel cell phone when he was en route to client assignments, arrived at the assignments, and when he left the assignments. Plaintiff is aware that other Satellite Technicians were also required to report to Defendant in this manner.

16. Plaintiff was required to leave his personnel cell phone number with customers so

that the customer could call him if there were any problems or questions. Plaintiff was not paid for the time spent when customers would call or when he would have to go back to the customer's house to perform additional work. Plaintiff is aware that other Satellite Technicians were also required to leave their cell phone numbers with clients and were not paid for the time spent when clients would call them or they would have to perform additional work.

17. Plaintiff would frequently work six (6) to seven (7) days per week, more than eight (8) hours in a day and more than 40 hours per week, but he was not paid overtime wages or wages for all hours worked. Plaintiff is aware of other Satellite Technicians who worked overtime but were not paid overtime wages or wages for all hours worked.

18. Plaintiff and other Satellite Technicians were required to keep a log of each job performed.

19. Plaintiff was not paid minimum wage for any time they worked during Defendant's mandatory training period. Plaintiff is aware of other Satellite Technicians who were not paid minimum wage for time work while in training for Defendant.

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff hereby restate, re-allege, and incorporate by reference herein all the paragraphs stated in this Complaint as though fully set forth herein.

21. Plaintiff seeks to have the first and second causes of action certified to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who give their consent in writing to become party-plaintiffs and who were employed by Defendant as a Satellite Technicians anywhere in the United States at any time during the three years prior to the filing of this action. The written consents will be filed with the Court.

22. In addition to all the other reasons stated in this complaint, Plaintiff and Satellite Technicians are similarly situated in that they all had the same job duties; are subject to the same policies and procedures, are subject to the same requirements of the FLSA; were required to work and did work in excess of forty hours per week; were not paid at a rate of one and one-half times their respective regular rates of pay for all such overtime hours; and were not paid for training time.

# FIRST CAUSE OF ACTION

By Plaintiff individually and as a collective action on behalf of all similarly situated Satellite Technicians against Defendant

**(FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA)**

23. Plaintiff hereby restates, re-alleges, and incorporates by reference herein the paragraphs stated above in this Complaint as though fully set forth herein.

24. Pursuant to 29 U.S.C. § 216(b), an action to recover unpaid overtime compensation may be maintained against any employer in any federal court of competent jurisdiction by any one or more employees for and in behalf of himself, herself, or themselves and other employees similarly situated.

25. Pursuant to 29 U.S.C. § 207, no employer shall employ any of its employees who in any workweek is engaged in commerce, or is employed in an enterprise engaged in commerce, for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which the employee is employed.

26. Defendant is engaged in commerce.

27. Plaintiff and the Satellite Technicians are engaged in commerce each week of their employment with Defendant.

28. Defendant required Plaintiff to work longer than 40 hours per work week.

29. Plaintiff is informed and believes and thereon allege that Defendant employed all Satellite Technicians for workweeks longer than 40 hours. Plaintiff is aware that other employees worked longer than 40 hours per week because he had discussions with them.

30. Defendant did not compensate Plaintiff for his employment in excess of 40 hours per week at a rate not less than one and one-half times his regular rate of pay.

31. Defendant did not compensate all Satellite Technicians for their respective employment in excess of 40 hours per week at a rate not less than one and one-half times their respective regular rates of pay.

32. Plaintiff was not exempt from the requirement to be paid overtime wages at all times relevant herein.

33. All Satellite Technicians were not exempt from the requirement to be paid overtime wages at all times relevant herein.

34. Plaintiff is informed and believes and thereon alleges that Defendant intentionally, willfully did not pay Plaintiff and other Satellite Technicians overtime wages in violation of the FLSA. Defendant knew Plaintiff and other Satellite Technicians were working more than 40 hours per week but did not pay them as required by law.

35. As a result of Defendant's wrongful conduct, Plaintiff and all Satellite Technicians have been damaged in amounts to be proven at trial.

36. On behalf of themselves and on behalf of all similarly situated Satellite Technicians who opt in to this action, Plaintiff requests recovery of all unpaid wages, including unpaid overtime wages, liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b) against Defendant in amounts to be established.

## SECOND CAUSE OF ACTION

By Plaintiff individually and as a collective action on behalf of all similarly situated Satellite Technicians against Defendant

**(FAILURE TO PAY MINIMUM WAGES)**

37. Plaintiff hereby restate, re-allege, and incorporate by reference herein the paragraphs stated above in this Complaint as though fully set forth herein.

38. Pursuant to 29 U.S.C. § 206, an employer is required to pay employees not less than the minimum wage for all hours worked.

39. Defendant failed to pay Plaintiff at least the minimum wage for time spent on behalf of Defendant during their training period and for other time worked. During one time period in 2009, it actually cost Plaintiff approximately $1.22 per hour to work for Defendant because of all the hours Plaintiff had to work combined with the expenses incurred performing the work. Such expenses include, but are not limited to, payment for mileage, tools, material fees, and charge backs.

40. Defendant did not pay other Satellite Technicians for time spent on behalf of Defendant while in training or other work time.

41. Plaintiff is informed and believes and thereon allege that Defendant intentionally, willfully did not pay Plaintiff and other Satellite Technicians minimum wages in violation of the FLSA. Defendant knew Plaintiff and other Satellite Technicians were entitled to receive at least the minimum wage but refused to pay them such wages as required by law.

42. As a result of Defendant's wrongful conduct, Plaintiff and all Satellite Technicians have been damaged in amounts to be proven at trial.

43. On behalf of themselves and on behalf of all similarly situated Satellite Technicians who opt in to this action, Plaintiff requests recovery of all unpaid wages, liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b) against Defendant in amounts to be established.

**WHEREFORE** Plaintiff and all persons similarly situated pray for judgment against Defendant as follows:

    a. For damages, including all wages and reimbursements owed;
    b. For interest on from the date such amounts were due;
    c. For penalties;
    d. For liquidated damages;
    e. For costs of suit and attorneys' fees;
    i. For injunctive relief pursuant to the equitable powers of this Court;
    f. For restitution pursuant to the equitable powers of this Court;

//
//
//
//
//
//
//

g. For such other and further relief as the Court deems just and proper.

**DATED:** December 10, 2010

**CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP**

By   */s/ Kathleen Hartman*

ROBERT W. THOMPSON
KATHLEEN M. HARTMAN
Attorneys for Plaintiff
**CHRISTOPHER LEWIS and all others similarly situated**

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of themselves and all similarly situated persons, hereby demands trial by jury of the claims for relief to the extent authorized by law.