1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                                **DISTRICT OF NEVADA**

10

11   CHAD CHOLETTE, individually and on
     behalf of other similarly situated,
12                                                   Case No. 2:10-CV-02153-KJD-VCF
             Plaintiff,
13                                                   **ORDER**

14   v.

15   INSTALLPRO, INC., a Utah Corporation,
     d.b.a. IPRO, Inc., in Nevada,
16
             Defendant.
17

18           Before the Court is Plaintiff Chad Cholette's ("Cholette") Motion for Conditional

19   Certification under 29 U.S.C. § 216(b) (#25). Defendant Installpro, Inc., doing business in Nevada as

20   IPRO, Inc. ("IPRO"), filed an Opposition to Plaintiff's Motion (#30), and Plaintiff replied (#31).

21   I.  Background

22           Plaintiff brings this motion under 29 U.S.C. § 216(b) of the Fair Labor Standards Act

23   ("FLSA"). This section permits employees to recover for unpaid minimum wages in violation of §

24   206 and unpaid overtime compensation in violation of § 207, as well as an additional equal amount

25   as liquidated damages or injunctive relief. See Davis v. Westgate Planet Hollywood Las Vegas, LLC,

26

1   2009 WL 102735, *8 (D. Nev. Jan. 12, 2009). Plaintiff alleges that he and many other satellite

2   technicians ("technicians") working for IPRO were paid in violation of 29 U.S.C. §§ 206 and 207.

3        Plaintiff petitions the Court to conditionally certify three classes for collective action under

4   FLSA. These three classes of technicians employed by IPRO include the Overtime Class, the

5   Minimum Wage Class, and the Training Time Class. Plaintiff seeks to include all categories of

6   technicians, including both employees and "subcontractors," as Plaintiff alleges these categorizations

7   are a distinction without a difference in either work or pay.

8        Plaintiff further seeks the following: (1) approval of the form and content of the proposed

9   Notice and Consent to Join forms, (2) authorization to send these forms to the members of the

10  approved Classes, and (3) an order instructing IPRO to produce the contact information for the

11  approved Classes.

12  II.  Analysis

13       A.  Conditional Certification under 29 U.S.C. § 216(b)

14       Plaintiffs may initiate an FLSA collective action in their own right, and in behalf of "other

15  employees similarly situated." 29 U.S.C. § 216(b); See Gray v. Swanney-McDonald, Inc., 436 F.2d

16  652, 655 (9th Cir. 1971). However, "[n]o employee shall be a party plaintiff to any such action unless

17  he gives his consent in writing to become such a party and such consent is filed in the court in which

18  such action is brought." 29 U.S.C. § 216(b). While certification for collective action is not required

19  under § 216(b), it "is an effective case management tool, allowing the court to control the notice

20  procedure, the definition of the class, the cut-off date for opting-in, and the orderly joinder of the

21  parties. Edwards v. City of Long Beach, 467 F. Supp. 2d 986, 989-90 (C.D. Cal. 2006) (citing

22  Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170-72, (1989)).

23       The Ninth Circuit has held that "[t]he clear weight of authority holds that Rule 23 procedures

24  are inappropriate for the prosecution of class actions under § 216(b)." Wang v. Chinese Daily News,

25  Inc., 623 F.3d 743, 761 (9th Cir. 2010) *vacated on other grounds by* Chinese Daily News, Inc. v.

26  Wang, 132 S. Ct. 74 (2011). Instead, a "two-step approach" is used "for determining whether

1  potential plaintiffs are 'similarly situated' for purposes of conditional class certification under §

2  216(b). <u>Davis</u>, 2009 WL 102735, *9 (D. Nev. Jan. 12, 2009) <u>See</u>, <u>e.g.</u>, <u>Leuthold v. Destination Am.,</u>

3  <u>Inc.</u>, 224 F.R.D. 462, 466-67 (N.D. Cal. 2004). At the first or "notice" stage, the Court primarily

4  relies on the pleadings and affidavits of the parties to determine if the potential party plaintiffs are

5  sufficiently similarly situated that "the potential class should be given notification of the action." <u>See</u>,

6  <u>e.g.</u>, <u>Davis</u>, 2009 WL 102735, *9 (quoting <u>Leuthold v. Destination Am., Inc.</u>, 224 F.R.D. 462, 467

7  (N.D. Cal. 2004)). Such notification is appropriate where the position of the plaintiff is similar, but

8  not identical, to the positions of putative class members. <u>See</u>, <u>e.g.</u>, <u>Greene v. Alan Waxler Group</u>

9  <u>Charter Services, LLC</u>, 2012 WL 1330262, *2 (D. Nev. Apr. 17, 2012) (citing <u>Davis</u>, 2009 WL

10  102735, *9). It is sufficient for a plaintiff to "alleg[e] that the putative class members were subject to

11  a single decision, policy, or plan that violated the law." <u>Davis</u>, 2009 WL 102735, *9 (D. Nev. Jan.

12  12, 2009) (citing <u>Mooney v. Aramco Services Co.</u>, 54 F.3d 1207, 1214 n. 8 (5th Cir. 1995)).

13  However, "unsupported assertions of widespread violations are not sufficient to meet Plaintiff's

14  burden." <u>Banks v. Robinson</u>, 2011 WL 3274049, *6 (D. Nev. July 28, 2011).

15       If conditional certification is given during the first or "notice" stage, the opposing party may

16  move to decertify the class once discovery is complete. <u>Id</u>. at *5. In determining to either maintain or

17  decertify a class, the Court analyzes "(1) the disparate factual and employment settings of the

18  individual plaintiffs; (2) the various defenses available to the defendants with respect to the

19  individual plaintiffs; and (3) fairness and procedural considerations." <u>See</u>, <u>e.g</u>, <u>Leuthold</u>, 224 F.R.D.

20  at 467.

21       Plaintiff claims that many technicians, including Plaintiff, are or were paid on a per-job basis

22  regardless of hours worked, were subject to paycheck deductions, and were not paid for hours spent

23  in training. These allegations show that Plaintiff is sufficiently similarly situated to IPRO installation

24  technicians in Nevada to satisfy this first stage of inquiry. At this stage the Plaintiff's burden is light,

25  and the allegations based upon personal knowledge of the Plaintiff are sufficient.

26

3

1    Plaintiff also seeks certification of IPRO technicians in other states. Plaintiff's speculations

2  regarding a single company-wide policy or plan which violates FLSA are unsupported. Accordingly,

3  this Court certifies Plaintiff's proposed classes within the state of Nevada only. However, if IPRO in

4  fact conducts similar activities in other states, action may be brought in those jurisdictions.

5    B.  Statute of Limitations

6    Violations of 29 U.S.C. § 216(b) may be subject to either a two-year or a three-year statute of

7  limitations. 29 U.S.C. § 255(a). The two-year limit applies unless the violation in question was

8  willful, which triggers the three-year limit. Id.; see McLaughlin v. Richland Shoe Co., 486 U.S. 128,

9  135 (1988). Both the Supreme Court and this Circuit have "required evidence of an employer's

10  knowing or reckless disregard for the matter of whether its conduct was prohibited by the statute"

11  before applying the three-year statute of limitations. Alvarez v. IBP, Inc., 339 F.3d 894, 909 (9th Cir.

12  2003) aff'd, 546 U.S. 21, (2005) (internal quotations and alterations omitted).

13    Plaintiff claims that Defendant paid Plaintiff and many other technicians on a per-job basis

14  regardless of hours worked. Plaintiff further claims that technicians were subject to paycheck

15  deductions that could exceed the amount paid for a given job, that many technicians were not paid

16  for time spent training, and that many technicians suffered unreimbursed expenditures.  (Motion at

17  2). Plaintiff also alleges that during certain pay periods, Plaintiff paid Defendant rather than vice

18  versa. This pay structure hazards violating both the minimum wage and overtime requirements of the

19  FLSA by disregarding hours-worked, a central component of both regulations. This risk is

20  exacerbated by the other pay-decreasing policies in operation. Because of the magnitude of the risk

21  of violating the FLSA, Defendant was at least reckless in disregarding its compliance with the

22  minimum wage and overtime compensation requirements of the FLSA. Accordingly, the three-year

23  statute of limitations applies.

24    C.  Notice and Consent to Join Forms.

25    Plaintiff requests the Court to approve the Notice and Consent to Join form attached to the

26  Declaration of Kathleen Hartman (#31) as Exhibit "K." This revised form satisfies the Court's

1   interest in clarity, efficiency, and fairness. <u>Davis</u>, 2009 WL 5038508, \*2. Accordingly, the form

2   attached to the Declaration of Kathleen Hartman (#31) as Exhibit "K" is approved.

3          D.  Authorization to send Notice and Consent to Join Forms

4          Authorization to send the Notice and Consent to Join form attached to the Declaration of

5   Kathleen Hartman (#31) as Exhibit "K" is granted to the Plaintiff. Plaintiff shall bear the costs of

6   providing notice. The Court will allow one-hundred and twenty days from the circulation of notice

7   for potential plaintiffs to opt-in. Plaintiff shall have fourteen days in which to circulate the Notice

8   from the receipt of the contact information of the putative class members.

9          E.  Order to Produce Contact Information

10          Defendants will have fourteen days from the entry of this order to provide Plaintiff's counsel

11   with the names, addresses, and telephone numbers of all satellite technicians who worked for IPRO

12   in the state of Nevada at any time during the three years prior to the date of this order.

13   III.  Conclusion

14          **IT IS HEREBY ORDERED THAT:**

15      1.  Plaintiff's Motion for Conditional Certification under 29 U.S.C. § 216(b) (#25) is

16          **GRANTED in part** and **DENIED in part** consistent with the provisions of this order.

17      2.  Plaintiff shall use the Notice and Consent to Join form attached to the Declaration of

18          Kathleen Hartman (#31) as Exhibit "K."

19      3.  Notice of the pendency of this action shall be sent to all satellite technicians who worked for

20          IPRO in the state of Nevada at any time during the three years preceding the date of this order

21          and who fall into at least one of the three classes defined by Plaintiff in his Motion for

22          Conditional Certification (#25).

23      4.  Defendants have fourteen days from the entry of this order to supply the names, addresses,

24          and telephone numbers for all technicians defined above to Plaintiff's counsel.

25      5.  Plaintiff shall have fourteen days from the receipt of the above contact information to

26          circulate the notice of pendency at Plaintiff's counsel's expense.

6.  Putative class members shall have one-hundred and twenty days from circulation of the notice of pendency to opt-in to this action.

DATED this 13th day of June 2012.

 

_____

Kent J. Dawson
United States District Judge

6