# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| CHAD CHOLETTE, individually and on Behalf of other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INSTALLPRO, INC., a Utah Corporation, d.b.a IPRO, Inc. in Nevada,<br><br>Defendant. | Case No.: 2:10-cv-02153 APG-VCF<br><br>COMPLAINT DATE: 12/12/2010<br><br>**ORDER GRANTING FINAL CERTIFICATION OF COLLECTIVE ACTION; APPROVING SETTLEMENT OF FAIR LABOR STANDARD ACTS CLAIMS; AND APPROVING AWARD OF ATTORNEYS' FEES AND COSTS** |

Having read and fully considered Motion for Final Certification of Collective Action; Approval of Settlement of Fair Labor Standards Act Claims; and Approval of Attorneys' Fees and Costs and all other documents on file in this matter, the Court finds the conditionally certified class members are similarly situated and that the Settlement is fair, reasonable, and adequate.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. Final class certification is granted to the conditionally certified class. The

- 1 -

1  Court finds that based on facts set forth in the moving papers, "(1) the disparate factual
2  and employment settings of the individual plaintiffs, (2) the various defenses available to
3  the defendant which appear to be individual to each plaintiff, and (3) fairness and
4  procedural considerations" weigh in favor of final certification.  *See Burkholder v. City of*
5  *Fort Wayne,* 750 F. Supp. 2d 990, 993 (N.D. IN 2010); *Carter v. Anderson*
6  *Merchandisers, LP,* 2010 U.S. Dist. LEXIS 55581, *14 (C.D. Cal. 2010).  Kathleen
7  Hartman and Callahan, Thompson, Sherman & Caudill, LLP are appointed as class
8  counsel.

9  　　　　2.　　The Settlement Agreement attached at Exhibit 1 to the Declaration of
10  Kathleen Hartman and submitted with the moving papers is determined to be fair,
11  reasonable, and in the best interests of the class.  It is, therefore, approved.  With respect
12  to the determination that the Settlement Agreement is fair, reasonable and adequate, the
13  Court specifically notes that the outcome of a trial on the merits was by no means certain,
14  this Action involved highly complex factual and legal issues, the Settlement Agreement
15  was reached with the participation of a highly-respected mediator during a long
16  mediation session, and the monetary terms of the Settlement reflect substantial benefits to
17  the class members.

18  　　　　3.　　It is further ordered that each and every term, provision, condition, and
19  agreement of the Settlement Agreement are adopted, incorporated and made part of this
20  Order and shall be effective, implemented, and enforced as provided in the Settlement
21  Agreement.

22  　　　　4.　　Based on the materials submitted by Class Counsel in support of an award
23  of attorneys' fees and costs, which is unopposed by Defendants, Class Counsel is
24  awarded $150,000.00 as compensation for time spent on this litigation and costs incurred.

25  　　　　5.　　The Court retains jurisdiction over the settlement of this case and may enter
26  additional orders to effectuate the fair and orderly administration of the settlement as may
27  from time to time be appropriate.

28

6. Within five (5) days after payment of the Settlement Amount to the class members and the attorneys' fees and costs to class counsel, class counsel will file a stipulated motion for dismissal with prejudice and a proposed order of dismissal with prejudice.

IT IS SO ORDERED.

Dated: November 15, 2013.

_____
UNITED STATES DISTRICT JUDGE